FILED
United States Court of Appeals
Tenth Circuit

November 18, 2025

Christopher M. Wolpert
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT
_____

DAVID L. WOODWARD,

    Plaintiff - Appellant,

v.

JEFF ZMUDA, et al.,

    Defendants - Appellees.

No. 25-3209
(D.C. No. 5:25-CV-03110-JWL)
(D. Kan.)

_____

**ORDER**
_____

This matter is before the court following the opening of this appeal. Pro se plaintiff David L. Woodward filed a notice of appeal from the district court's November 10, 2025 order dismissing the plaintiff's claims against one defendant but leaving claims against other claims live and directing the plaintiff to file an amended complaint (Dist. Ct. ECF No. 29). The order being appealed does not appear to be appealable at this point in the proceedings, so we are considering summary disposition of the appeal. 10th Cir. R. 27.3(B). Regular proceedings, including briefing on the merits, are suspended pending further written order of this court. *See id.* 27.3(C).

    Federal appellate courts like this one generally have jurisdiction to review only "final decisions" of district courts. 28 U.S.C. § 1291; *see also Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 712 (1996) (final decision resolves all claims against all parties)

*and S. Ute Indian Tribe v. Leavitt*, 564 F.3d 1198, 1207 (10th Cir. 2009) (piecemeal review of interlocutory district court orders not allowed). Here, the district court case remains ongoing. Although one defendant and one claim have been dismissed, the order being appealed makes expressly clear that others claims remain live and pending because the plaintiff has been ordered to file an amended complaint by December 10, 2025. (Dist. Ct. ECF 29 p.12.) Furhter, no final judgment under Federal Rule of Civil Procedure 58 has been entered to signal the end of the case. *See* Fed. R. Civ. P. 58. Lastly, the order does not appear to fall into any recognized exception to the final judgment rule. *See, e.g.*, 28 U.S.C. § 1292; Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Industrial Loan Corp.* 337 U.S. 541 (1949). In short, the district court case is not over, and the appeal was likely filed prematurely.

In light of the above, it appears our court lacks jurisdiction to consider this interlocutory appeal. **On or before December 2, 2025**, the plaintiff is directed to show cause as to why this appeal should not be dismissed for lack of jurisdiction. If he elects to respond to this order, he must file a memorandum brief explaining in detail any legal authority for this court to exercise jurisdiction over his late appeal of an interlocutory, nonfinal order now. The memorandum brief shall address **only** the jurisdictional issues raised in this order. The requirements for memorandum briefs on dispositive issues are set forth at Tenth Circuit Rule 27.3(B).

Alternatively, the plaintiff may elect not to respond to this order, and we will dismiss the appeal for lack of prosecution. *See* 10th Cir. R. 42.1. The plaintiff would

retain the right to appeal (if necessary) once final judgment (or an otherwise immediately appealable order) has been entered, if all applicable procedural obligations are met.

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk